# Patrick Carney, Appellee, v. Marquette Third Vein Coal Company, Appellant.

## Gen. No. 5,673.

1. MINES AND MINERS—*pleading.* Common law counts in a declaration in an action for personal injuries sustained in a mine, negative the assumption of risk where they aver that plaintiff did not know of the danger, and had not the same means of knowing as the owner, defendant, who did know thereof, or by the exercise of ordinary care should have known.

2. MINES AND MINERS—*evidence.* Where the evidence tends to show that the roof of a certain room in a mine was in a dangerous condition, and that a mule driver, while unfastening the harness of the rear mule, which had been caught on a projecting rock in such room which had become very narrow at that point, was kicked by the lead mule, the finding of the jury that the dangerous condition of the roof was the proximate cause of the injury and that there was no assumption of risk, will not be disturbed.

3. MINES AND MINERS—*variance.* Where it is averred in the declaration that plaintiff, an employee, did not know the dangerous condition of the mine, but that the owner did, or should have known, etc., and the proof shows that plaintiff had spoken to the owner in regard to such condition and resumed work on the promise that the same would remedied, such lack of entire harmony between averment and proof, will not be sufficient to reverse a meritorious judgment.

4. INSTRUCTIONS—*abstract.* It is not error to give an instruction, which is merely a general statement of law, where the same is not misleading.

5. INSTRUCTION—*must be limited to the counts to which it applies.* An instruction which is general and not limited to the counts to which it applies is properly refused.

6. DAMAGES—*when not excessive.* A verdict of $6,000 for personal injuries sustained by a mule driver in a mine, is not excessive where it appears that plaintiff was in a hospital for a long time, that he had lost the use of one eye, that he had suffered and still suffers constant pain in his head, and that he was seriously injured and under medical treatment for some time.

Action in case for personal injuries. Appeal from the Circuit Court of Bureau county; the Hon. S. C. STOUGH, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

M. A. WALSH and CAIRO A. TRIMBLE, for appellant; B. M. CHIPERFIELD, of counsel.

DUNCAN, DOYLE & O'CONOR, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Patrick Carney sued appellant for injuries received by him while working as mule driver for appellant in appellant's mine. The pleadings were a declaration consisting of three counts charging common law negligence, and a fourth count charging a wilful violation of the mining act; three additional counts, charging common law negligence, and a fourth additional count charging a wilful violation of the statute; and the general issue. Upon a jury trial plaintiff had a verdict and a judgment for $6,000, from which defendant below appeals. Appellant claims that the common-law counts do not negative the assumption of risk by appellee; that each count fails to show that the matter complained of in that count caused the injury to appellee; that under the evidence appellee assumed the risk; that the evidence fails to show that the matters complained of caused the injury; that because of such absence of allegation and evidence there are various errors in the instructions; and that the judgment is excessive.

Appellee was driving two mules tandem into a certain room for the purpose of there turning them around and attaching them to a car of coal and hauling said car out to an entryway. The mules are driven by word of the driver without lines. This room or place was about four feet wide and there had been a constant settling of the roof, so that it was arched and therefore much narrower than four feet towards the top, and the upper part of the space through which the mules had to pass had been cut out and was only about one foot wide. The mules were higher than the space and they were obliged to bend their knees or to

crouch down to get through. The only light was from the lamp on appellees cap. By the squeeze the upper part of the way had become rough and jagged. When appellee had nearly reached the place where the roof was a little wider so that the mules by crouching could turn and face outward and change places, so that the lead mule going in should also be the lead mule coming out, the hames of the rear or breach mule caught on a projecting rock in the upper part of the passage and that mule became fast. Appellee stepped in and tried to extricate the hames and was kicked by the lead mule and knocked down and his cap and light were knocked off and he became unconscious. Another man came and extricated the mules and took them away and appellee was removed from the mine.

Each common-law count alleged that appellee did not know the danger and had not the same means as appellant of ascertaining it, while appellant did know the danger, or by the exercise of ordinary care should have known it. If these allegations were true, appellee did not assume the risk. Each count of the declaration, when it is examined in full in the record, will be found to charge that the injury was by reason of the negligence of appellant in the common law counts, or by reason of the wilful violation of the statute, alleged in the fourth original and the fourth additional counts. The claim therefore that the declaration does not state a cause of action in any count is not well founded. Appellant urgently contends that appellee was not injured by the dangerous condition of the roof and by the breach mule being caught therein, but that he was injured solely by being kicked by the lead mule and that he assumed that risk, and that there is no charge that the mule was unruly or vicious. We think it clear from the evidence that the projecting rock catching upon the hames and holding the rear mule as the other mule was turning around was what alarmed the lead mule and caused him to kick. There is no evidence that the lead mule was vicious and it was a

question for the jury whether the projecting rock was the cause of all that followed, and we do not feel warranted in disturbing their conclusion, and the same remark applies to the alleged assumption of risk. The 4th original and the 4th additional counts charged that the appellant failed to have this place properly examined and failed to mark this dangerous place and failed to cause an entry thereof to be made a matter of record for the inspection of the men before they entered the mine in the morning. It was shown that the only inspection was from a considerable distance away and without a sufficient light to show the jagged condition of this roof and that the dangerous conditions were not marked nor recorded. The jury were clearly warranted in finding for appellee under those counts.

The only difficulty we see in the pleadings and evidence is this: the declaration in each common law count charges that appellee did not know of the danger and had not equal opportunity with his master to know it and that appellant did know it or should have known it by the exercise of ordinary care, while the evidence is that appellee knew of the squeeze and of the smallness of the space through which he and the mules had to pass and several times complained thereof to his superior and received promises that the roof should be brushed and mended and received orders to continue and assurances which meant that it was safe for him to do so, and that the last of those complaints and promises and assurances was about four hours before he was hurt. Each common-law count of the declaration contained averments which negative the assumption of risk. The proofs negative the assumption of risk, but in a different manner from what was averred in the common law counts. We conclude that this lack of entire harmony between averment and proof should not reverse a meritorious judgment.

It is insisted that the first instruction, given at the request of appellee, is erroneous because it applies

to all the counts of the declaration. In fact, it is expressly limited to the 4th additional count, and it states the law in the language of the statute, and is correct as applied to the 4th additional count. Complaint is made of the 2nd instruction. It correctly defines what is meant by wilful disregard of the mining act. It might well have been refused, because it is a general statement of the law, not applied to the case, but while it is not error to refuse such an instruction, it also is not error to give it, if it is not misleading. We regard the criticism upon the 3rd given instruction as unwarranted. Complaint is made of the 6th and 8th instructions, relating to the measure of damages. We are of opinion that they are correct. Complaint is made of the refusal by the court of the 26th, 29th and 32nd instructions, requested by appellant. They were made general and were liable to be understood by the jury to apply to each count of the declaration. They are entirely improper as applied to the statutory counts and were therefore properly refused. The 32nd instruction is also erroneous in its concluding words, to-wit: "Regardless of the fact that the harness did not catch in the roof." Not only was it improper to ask the court to tell the jury what the facts were, but also the evidence is undisputed that the harness did catch in the roof.

Appellee was seriously injured. He was under medical treatment for some time. He was in the Eye and Ear Infirmary in Chicago for a long time. He has completely lost the use of one eye and has suffered great pain and still suffers constant pain in his head. Appellant contends that the highest verdict that can be sustained for the loss of an eye is $1,500 but we are unable to concur in that contention. Some rulings of the court upon the evidence are criticised, but we think them unimportant.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*